## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re: David Berry,

                   Debtor,

_____/

Goldstein, Bershad and Fried,
P.C.,

                   Appellant,

v.

David Wm. Ruskin,
Standing Chapter 13 Trustee,

                   Appellee,

and

Heather Berry, individually and as
Personal Representative of the
Estate of Yesan Berry, Deceased,

                   Appellee,

and

David Berry,

                   Appellee.

_____/

Case No. 14-CV-12029
Hon. Judith E. Levy
Mag. Judge Mona K. Majzoub

## OPINION AND ORDER DENYING APPELLANT'S EMERGENCY MOTION TO STAY [4]

### I.   Introduction

This case is before the Court on appellant's motion for stay pending appeal of the Bankruptcy Court's April 14, 2014 order denying its Second Interim Pre-Confirmation Application for Compensation for Services Rendered.  (Dkt. 4.)  For the reasons set forth below, the Court denies the motion.

### II.   Background

On July 25, 2013, through his attorney Aaron Scheinfield ("debtor's counsel"), David Berry ("debtor") filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code. Debtor's counsel is an attorney with the law firm Goldstein, Bershad & Fried, P.C. ("appellant").

On October 25, 2013, with debtor's bankruptcy case still pending, debtor's counsel successfully petitioned for attorney's fees in the amount of $15,304.31.  Debtor's counsel received payment of these fees on November 21, 2013.  Meanwhile, debtor's Chapter 13 case continued as debtor's counsel worked through a bankruptcy plan involving a series of

2

transfers of debtor's assets with the stated goal of repaying several creditors.

Debtor voluntarily dismissed his bankruptcy case without executing the plan on February 25, 2014.  On the same day, debtor's counsel petitioned for additional attorney's fees in the amount of $19,998.08.  On April 10, 2014, the Bankruptcy Court denied the second request for fees as unreasonable.  The Bankruptcy Court further instructed the Chapter 13 Trustee not to disburse any funds pending further direction, and entered an order to that effect on April 14, 2014.

On April 17, 2014, debtor's counsel appealed the Bankruptcy Court's order and filed a motion to stay the disbursement of cebtor's funds held by the Chapter 13 Trustee pending appeal the next day.  The Bankruptcy Court denied the stay on May 9, 2014, and appellant filed a notice of appeal and emergency motion to stay with this Court on May 21, 2013.  (Dkts. 1, 4.)

## III.  Standard

In reviewing a motion to stay an order pending appeal, the Court considers the same four factors considered in deciding a motion for preliminary injunction.  The moving party must show: (1) it will likely

prevail on the merits of the appeal; (2) it may suffer irreparable injury absent such relief from the court; (3) other interested parties will not suffer substantial harm if a stay is issued; and (4) no harm will be done to the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991). The moving party bears the burden of establishing these factors by a preponderance of the evidence. No single factor serves as a prerequisite that must necessarily be met in order for the movant to obtain relief; rather the four factors are "interrelated considerations" that allow the court to undertake a balancing of the equities as they affect interested parties and the public. *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223 (6th Cir. 1985)). A stronger showing by the movant on one factor traditionally reduces the need to rely on another. *Id.*

In this case, the Bankruptcy Court held two hearings on appellant's petition for attorney fees, and this Court was provided with the transcripts of those hearings. In *Mich. Coal.*, the Sixth Circuit held that when an appeals court decides a motion for stay pending appeal ". . . there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a

complete record that can be reviewed by this court when considering the motion for a stay." *Mich. Coal.*, 945 F.2d at 153. The same reasoning applies here.

The party moving for a stay pending appeal need not always establish an overwhelming probability of success on the merits. *Ohio ex rel. Celebrezze*, 812 F.2d 288 (6th Cir. 1987). Still, the movant must always show more than a "mere possibility" of success on the merits. *In re Smith* 501 B.R. 332, 336 (Bankr. E.D. Mich. 2013). "The probability of success on the merits that must be shown is inversely proportional to the degree of irreparable injury the plaintiffs will suffer absent the stay." *Id.* at 290. A stay may be granted upon a showing of either a high probability of success on the merits and some irreparable injury, or serious questions going to the merits and "irreparable harm which decidedly outweighs any potential harm to the defendant if a stay is issued." *Id.*

In evaluating whether irreparable harm will occur if a stay is not granted, the Court evaluates three factors: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Ohio ex rel. Celebrezze*, 812 F.2d at 290 (citing

*Cuomo v. United States Nuclear Regulatory Comm'n.*, 772 F.2d 972, 977 (D.C. Cir. 1985)).  "Mere injuries, however substantial, in terms of money" are not sufficient to show irreparable harm. *In re Holstine*, 458 B.R. 392, 397 (Bankr. E.D. Mich. 2011) aff'd, 11-14573, 2012 WL 2891220 (E.D. Mich. July 15, 2012).

## IV.   Analysis

Appellant has the burden of showing that a balancing of the four factors outlined above entitles it to a stay.  Neither in its motion to the Court nor in oral argument has appellant shown a likelihood of prevailing on the merits of this appeal.  The second application to the Bankruptcy Court for attorney's fees was based almost entirely on fees incurred while appellant engaged in transactions related to what the Bankruptcy Court called am "extraordinarily problematic" petition, which was then voluntarily withdrawn.  (Dkt. 4-4 at 47)  To prevail on appeal, appellant will have to show that the Bankruptcy Court abused its discretion in its denial.  *In re Boddy,* 950 F.2d 334 (6th Cir. 1991). Appellant has offered no basis for any finding of abuse of discretion.

Likewise, Appellant has not demonstrated that it will suffer irreparable harm absent a stay pending appeal of the Bankruptcy

6

Court's order. Appellant argues that it will be irreparably harmed if the Chapter 13 Trustee disburses the funds to various creditors, making it nearly impossible to collect his fees from the Debtor. However, monetary damages alone do not constitute irreparable injury for the purposes of a stay pending appeal. *See In re Holstine*, 458 B.R. at 397.

Appellant's argument is further weakened by the Trustee's expressed willingness to hold all funds as instructed by the Bankruptcy Court. Records before this Court indicate that appellant will have further opportunity to be heard by the Bankruptcy Court prior to release of the funds. (Dkt. 4-4 at 50-52). The Court finds no reason to believe that the Chapter 13 Trustee will violate the Bankruptcy Court's instruction. There is no "certain and immediate" threat of any harm, much less "irreparable harm," where there is a mere possibility that the Bankruptcy Court may, at some indeterminate time in the future, hold a hearing and order the Chapter 13 Trustee to disburse funds. In any event, the sole harm identified by appellant relates to his ability to collect money, which on its own cannot form the basis for irreparable harm.

V. **Conclusion**

7

For the reasons set forth above, appellant has failed to demonstrate that it is likely to prevail on the merits or that it will suffer irreparable harm if a stay is not granted.  Accordingly,

Appellant's motion to stay is DENIED.

IT IS SO ORDERED.


Date:  July 18, 2014                         s/Judith E. Levy
                                             HON. JUDITH E. LEVY
                                             United States District Judge